[NOTE. Respondent brought error, and the supreme court affirmed the judgment of the circuit court upon the grounds, as set forth in the opinion delivered by Mr. Justice Wayne, to wit: That the evident intention of the testatrix, as gathered from the will, was to manumit the slaves, as far as she had power by the Maryland law so to do; that such manumission was not in prejudice of creditors, within the Maryland statutes; that by the words of the will the debts became a charge upon the real estate after exhaustion of the personalty; that, the executor having permitted the slaves to go at large, his assent could not be recalled, nor could it be revoked under an order of the orphans' court for the sale of the testatrix's personal estate; and that it appearing that testatrix left sufficient real estate to pay all debts, without the sale of the manumitted slaves, they were entitled to their freedom, although there was a deficiency of personalty. Fenwick v. Chapman, 9 Pet. (34 U. S.) 461.]

CHAPMAN (JAYCOX v.). See Case No. 7,243.

CHAPMAN (JOHNSON v.). See Case No. 7,378.

## Case No. 2,605.

### CHAPMAN v. The LUCERNE.

[39 Hunt, Mer. Mag. 332.]

District Court, S. D. New York. 1858.

#### PILOTAGE.

[An abandoned bark towed from Norfolk to N··· ·ork is not liable for the fees of a pilot who does not board her, nor exercise control or direction of her navigation.]

In admiralty.

Before BETTS, District Judge.

This suit was brought [by Daniel C. Chapman against the bark Lucerne] to recover the sum of $30.50, alleged to be due the libelant as pilotage. The bark, on a voyage from the coast of Africa to this port, put into Norfolk in distress, and was there abandoned by her owner to the underwriters. By their direction a steam-tug was sent from here to her, with a pilot and four seamen, to tow her to New York, the owner having no privity with that proceeding. The pilot who went did not go on board the bark at

all, but remained on board the tug, which towed the bark to this port, and for those services he brings this suit.

HELD BY THE COURT. That the bark being unnavigable and brought home solely by the power of the tug, was not in a condition bringing her within the provisions of the state statute under which the libelant claims. Laws 1857, c. 243, § 29. That the libelant, on the facts, was employed by the underwriters, and not by the owner or master of the bark; and that he performed no service to her, but remained on board the tug. Though told by the master of the tug off Barnegat to take charge of the bark, his charge only consisted in remaining on board the tug without having any control or direction of her navigation, and the libelant could not exercise in behalf of the bark, being towed as an inert body, his functions as pilot, nor even attempt to undertake them. That the libelant, upon the facts and law of the case, fails to establish any right of action against the bark. Libel dismissed with costs.